**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | CASE NO.: 1:25-CR-11 (LAG) |
| : | |
| FREDERICK DONALD, : | |
| : | |
| Defendant. : | |
| : | |

## **ORDER**

Before the Court is the United States of America's Unopposed Motion to Continue Trial in the Interest of Justice (Motion). (Doc. 34). Therein, the Government moves to continue the pretrial conference and trial in this matter, currently set for August 26, 2025, and September 29, 2025, respectively. (*Id.* at 1; Doc. 32).

On May 14, 2025, Defendant Frederick Donald was charged with two counts of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (Doc. 1). Defendant made his initial appearance on May 29, 2025, pleaded not guilty, consented to pretrial detention, and was remanded to the custody of the U.S. Marshals Service. (Docs. 6, 12, 14, 15). On May 30, 2025, the Court entered a Scheduling Order setting the matter for trial, and on June 4, 2025, the Court granted Defendant's first Unopposed Motion to Continue. (Docs. 16, 17, 19). On July 24, 2025, the Court granted Defendant's second Unopposed Motion to Continue, and on August 8, 2025, the Court rescheduled the pretrial conference and trial for August 26, 2025 and September 29, 2025, respectively. (Docs. 28, 29, 32). On August 11, 2025, the Government filed the subject Motion. (Doc. 34). Therein, the Government represents that on August 8, 2025, it was informed that an essential witness is unavailable, as she is out on maternity leave, until after October 20, 2025. (*Id.* at 1, 2). The Government further represents that Defendant does not oppose the Motion. (*Id.* at 1; *see* Email from Matthew Redavid,

Government, to Marcia Alvarez Benavidez, Courtroom Deputy (Aug. 18, 2025, 9:33 PM EDT) (on file with the Court)).

Under 18 U.S.C. § 3161(h)(3)(A), "[a]ny period of delay resulting from the . . . unavailability of . . . an essential witness" shall be excluded in computing the time within a trial must commence. An "essential witness shall be considered unavailable whenever [her] whereabouts are known but [her] presence for trial cannot be obtained by due diligence[.]" 18 U.S.C. § 3161(h)(3)(B). Upon due consideration, the Court finds that the "ends of justice served by the granting of [a] continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Accordingly, the Government's Motion (Doc. 34) is **GRANTED**, and the delay occasioned by this continuance shall be deemed **EXCLUDABLE** pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. § 3161.

It is hereby **ORDERED** that the pretrial conference and trial in the above-captioned matter shall be **CONTINUED** to a date to be determined later. The deadlines in the Court's August 8, 2025 Scheduling Order (Doc. 32) are hereby terminated, and a new scheduling order will be forthcoming.

**SO ORDERED**, this 19th day of August, 2025.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**